[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16702

_____

D.C. Docket No. 1:12-cv-01740-TCB

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,

                                   Plaintiff-Counter Defendant-
                                                      Appellant,

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,

                                                      Consol. Plaintiffs,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Omni National Bank,

                                             Defendant-Consol. Defendant-
                                                      Appellee,

STEPHEN M. KLEIN,

                                             Defendant-Consol. Defendant-
                                                    Consol. Counter Claimant-
                                                     Counter Claimant-Appellee,

EUGENE F. LAWSON, III, et al.,

                                                 Defendants-Counter Claimants,

CONSTANCE E. PERRINE,
BENJAMIN J. COHEN,

                          Defendants-Consol. Defendants-Appellees,

GREGORY W. PATTEN, et al.,

                          Defendants,

ALWEN HOUGH JOHNSON LIMITED, et al.,

                          Consol. Defendants,

PROGRESSIVE CASUALTY INSURANCE COMPANY,

                          Consol. Counter Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 23, 2018)

Before ED CARNES, Chief Judge, DUBINA, Circuit Judge, and ABRAMS,[*] District Judge.

PER CURIAM:

      Plaintiff-Appellant Certain Underwriters at Lloyd's of London ("Underwriters") appeals the district court's order denying its motion for summary

---

[*] Honorable Leslie Joyce Abrams, United States District Judge for the Middle District of Georgia, sitting by designation.

2

judgment and granting Defendant-Appellant Federal Deposit Insurance Corporation's ("FDIC") cross-motion for summary judgment.  In the district court, Underwriters sought a declaratory judgment that it does not owe the $10 million policy limit on the directors and officers insurance policy it issued to Omni National Bank ("Bank") on the basis that two exclusions preclude coverage:  the retroactive and the insured versus insured exclusions.  The district court concluded that neither exclusion applied and required Underwriters to provide the policy coverage.

Underwriters sold the subject policy to the Bank in June 2008 for a one year policy period.  From 2005 through 2007, the Bank's Community Development Lending Division ("CDLD") engaged in unsound lending practices, which triggered internal and external regulatory investigations.  In the 2007–2008 housing climate, the Bank foreclosed on many of the properties that served as collateral for the risky loans.  These properties, held in the Bank's portfolio, were known as Other Real Estate Owned ("OREO") properties.  After discovering these abuses, the Bank closed in CDLD in December 2007.  A short time later, certain board members (the "OREO Defendants")[1] instituted a plan to renovate and hold

---

[1] These board members were distinct from the CDLD board members who engaged in the unsound lending practices.

3

the OREO properties rather than to sell them "as-is" at the time of foreclosure. The Bank's regulators approved this plan in 2008, when the Bank had a CAMELS[2] rating of 2, which signified the Bank was "fundamentally sound." On September 15, 2008, the regulators issued a report and changed the Bank's CAMELS rating to 5, indicating the Bank was failing or would fail imminently. The OREO Defendants, however, continued to invest approximately $12.6 million into OREO properties from that date through the Bank's closure in March 2009. The FDIC brought this action to recover from the policy for the CDLD and OREO Wrongful Acts. This appeal focuses on the OREO Wrongful Acts and the two policy exclusions: the retroactive exclusion for prior or "interrelated wrongful acts" and the insured versus insured exclusion.

After hearing oral argument in this case, reading the parties' briefs, and examining the relevant portions of the record, we affirm the district court's grant of summary judgment for the FDIC based on the thorough and well-reasoned opinion of the district court. We write briefly to address Underwriters' misplaced reliance

---

[2] CAMELS, a rating system to assess the soundness of a bank or financial institution, uses a scale of one through five, with one being the highest and five being the lowest rating.

4

on this Court's recent decision in *Zucker v. U.S. Specialty Insurance Company*, 856 F.3d 1343 (11th Cir. 2017).[3]

In *Zucker*, this Court examined an insurance policy's exclusion for "prior acts" under the auspices of Florida law.[4] *See id.* at 1349–51. The parent company of a wholly-owned subsidiary bank admittedly engaged in risky lending practices preceding the 2008 housing market crash that rendered it insolvent. *Id.* at 1345. Shortly thereafter, the parent obtained a new directors and officers policy with U.S. Specialty Insurance Company with a prior acts exclusion: U.S. Specialty would "not be liable to make any payment of Loss in connection with a Claim arising out of, based upon or attributable to any Wrongful Act committed or allegedly committed, in whole or in part, prior to [November 10, 2008]." *Id.* at 1349 (emphasis and alteration in original). In 2009, during the U.S. Specialty policy period, the parent transferred approximately $46 million to the subsidiary bank to stabilize it. *Id.* at 1346. Despite this influx of money, regulators closed the subsidiary bank in May 2009 and appointed the FDIC as the receiver. *Id.* Immediately thereafter, the parent filed for bankruptcy under Chapter 11. *Id.*

---

[3] We note the district court did not have the benefit of having the *Zucker* decision before it issued its well-reasoned opinion.

[4] Notably, the parties jointly agree that New York law controls in this case.

5

Creditors sued the parent's board, alleging the $46 million transfer was fraudulent, and the board sought but was denied coverage under the insurance policy's prior acts exclusion. *Id.* at 1347.

This Court held the prior acts exclusion applied to the fraudulent transfer claim because "the Parent Bank's insolvency 'arose out of' wrongful acts that occurred before November 10, 2008" and "share[s] 'a connection with' wrongful acts covered by the" exclusion. *Id.* at 1350. The Court continued, "an essential element of [plaintiff's] claim—the Parent Bank's insolvency—has a connection to some prior wrongful acts of the Parent Bank's officers and directors that occurred before the policy's effective date." *Id.* at 1350–51. This holding, Underwriters argues, necessitates the same outcome in this case on the basis that the OREO Wrongful Acts necessarily arose from the CDLD Wrongful Acts and are inextricably connected and thus "interrelated wrongful acts."

This case, however, does not involve the "arising out of" language that was at issue in *Zucker*'s retroactive exclusion. Furthermore, in its briefs to this Court, Underwriters did not argue that the "arising out of" language in the policy here excluded the FDIC's claims. It raised that contention for the first time at oral argument, and as a result, it is abandoned. *Mesa Air Grp., Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1130 n.7 (11th Cir. 2009); *see also Access Now, Inc. v. Sw.*

6

*Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").[5] Even if we were to address that argument, *Zucker* still would not apply.

The wrongful acts at issue in *Zucker*—the fraudulent transfer from the parent company to the subsidiary bank—were wrongful because the parent company was insolvent at the time they occurred. The parent company's insolvency was the result of wrongful acts that occurred before the policy period. Thus what ultimately made those transfers wrongful were wrongful acts that occurred before the policy's effective date. Such was not the case here.

We conclude that the FDIC's underlying claims for coverage demand the opposite conclusion. Unlike the fraudulent transfer claim in *Zucker*, the claim for coverage for the OREO Wrongful Acts is not inextricably linked to the Bank's unsound lending practices in the CDLD. Rather, the wrongful acts claimed are for the particular expenditures to rehabilitate OREO properties that occurred after— and only after—the Bank received the downgrade to the CAMELS 5 rating in September 2008. The Board authorized these expenditures between September 15,

---

[5] If anything, it appears that in its initial brief Underwriters expressly rejected any argument based on the "arising out of" language. Appellant's Br. at 13 (stating that "the district court mistakenly believed that Underwriters asserted that the first prong of the Retroactive Exclusion [the "arising out of" language] . . . applied to the OREO Wrongful Acts.").

2008, and March 2009, clearly within the policy period.  The decision to continue these expenditures, even when not necessary, occurred after the board knew of the Bank's impending failure and thereby constituted an independent business decision from the initial lending practices in the CDLD division.  Before the CAMELS 5 rating the OREO Defendants' investment in the OREO properties was not a wrongful act.  And Underwriters never claims nor proves that the CAMELS 5 rating "arose out of" the wrongful acts of the CDLD division.

Thus, the continuing investments into the OREO properties were not "interrelated wrongful acts" under the policy but rather were independent wrongful acts that occurred during the policy period.  As such, Underwriters must afford the coverage due under the Bank's policy.  Accordingly, we conclude *Zucker* is inapposite to the claims herein, and we affirm the district court's order granting summary judgment to the FDIC.

**AFFIRMED**.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 23, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-16702-AA
Case Style: Certain Underwriters at Lloyd v. Federal Deposit Insurance Cor, et al
District Court Docket No: 1:12-cv-01740-TCB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs